# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| TINIA BUSH,                              )<br>                                                    )<br>     Plaintiff,                          )<br>                                                    )     No.   1:10-cv-3173<br>     vs.                                      )<br>                                                    )<br>ASSET ACCEPTANCE, LLC,       )     **JURY DEMAND ENDORSED HEREON**<br>                                                    )<br>     Defendant.                        )  | |

## COMPLAINT

NOW COMES the Plaintiff, TINIA BUSH, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, ASSET ACCEPTANCE, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Woodlawn, Maryland.

4.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.	At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.	On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Maryland and which has its principal place of business in Warren, Michigan.

## ALLEGATIONS

7.	During the calendar year of 2010, Defendant's representatives and/or employees began contacting Plaintiff in attempts to collect the aforementioned alleged debt.

8.	Also during the calendar year of 2010, Defendant's representatives and/or employees contacted Plaintiff's father by telephone, despite already having Plaintiff's contact information.

9.	During at least one telephone conversation with Plaintiff's father, Defendant's representative and/or employee not only disclosed Defendant's company name, but also that Plaintiff owed an alleged debt.

10.	In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.	Identifying the name of Defendant's company while communicating with a person other than Plaintiff without having been expressly requested to do so, in violation of 15 U.S.C. § 1692b(1);

    b.	Communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt, in violation of 15 U.S.C. § 1692b(2);

    c.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b); and

    d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

11.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TINIA BUSH, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff'
Luxenburg & Levin, LLC
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@ LuxenburgLevin.com